UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-22740-CIV-GAYLES

THE PROVIDENT BANK,

    Plaintiff,

v.

CORUS HARDWARE
CORPORATION and
ARMANDO FERNANDEZ,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion for Final Default Judgment Against Corus Hardware Corporation and Armando Fernandez (the "Motion") [ECF No. 11]. The Clerk entered a default against Defendant Armando Fernandez on August 17, 2015 [ECF No. 8] and against Defendant Corus Hardware Corporation on August 18, 2015 [ECF No. 10], based on Defendants failure to respond to the properly served Complaint. *See* [ECF Nos. 5-6]. The Court has carefully considered the Motion, the record, and the applicable law.

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to respond to a complaint. "'[A] defendant's default does not in itself warrant the court entering a default judgment.'" *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the

defendant is not held to admit facts that are not well pled or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered.  *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

### **Background**

On July 18, 2003, Defendants became indebted to First Commercial Corporation in the principle sum of $712,000 plus interest and finance charges for the purchase of a vessel.  *See* Interest Note, Disclosure and Security Agreement (the "Note") and Personal Guaranty [ECF No. 1-A, 1-B].  As security, Defendants executed and delivered to First Commercial Corporation a First Preferred Ships Mortgage.  *See* Mortgage [ECF No. 1-C].  Plaintiffs also agreed to give First Commercial Corporation a security interest in the vessel.  *See* Note at ¶ 7 [ECF No. 1-A]. First Commercial Corporation then assigned the Note and Mortgage to Plaintiff. *See* Assignments [ECF No. 1-D, 1-E].

Defendants defaulted on the note by failing to make payments.  Plaintiff, in accordance with the terms of the Note, elected to accelerate payment of the balance owed and repossessed the vessel.  Plaintiff, with notice to Defendants, sold the vessel to a third party for $94,000, with net sales proceeds of $69,266.75.  [See ECF No. 11-2].  The debt remaining on the loan is $440,062.05.  Interest is accruing on the principal at a rate of $30.42 per day.

Upon review of Plaintiff's well-pled allegations and supporting documentation, the Court finds a sufficient basis for entry of a default judgment in favor of Plaintiff.  Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment Against Corus Hardware Corporation and Armando Fernandez (the "Motion") [ECF No. 11] is **GRANTED**.   Final Judgment shall be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of August, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE