UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22740-CIV-GAYLES/TURNOFF

THE PROVIDENT BANK,

    Plaintiff,
v.

CORUS HARDWARE CORPORATION,
And ARMANDO FERNANDEZ,

    Defendants.
                                         /

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Final Summary Judgment (the "Motion") [ECF No. 30]. The Court has considered the Motion, the record, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

On July 19, 2013, First Commercial Corporation loaned Defendants Corus Hardware Corporation and Armando Fernandez (collectively "Defendants") $712,000.00 for the purchase of a 1988 65' Donzi Sport, Hull Identification Number DMRYA005A788, with twin 1450 HP Detroit Diesel inboard engines with serial numbers #16VF07617, and #16VF07618 (the "Vessel") in accordance with Note and Security Agreement (the "Note") and a Personal Guaranty. [ECF No. 1-4, ECF No. 1-5]. As security, Defendants executed and delivered to First Commercial Corporation a First Preferred Ships Mortgage (the "Mortgage"). On July 23, 2003, First Commercial Corporation assigned the Note to the Provident Bank ("Plaintiff") [ECF No. 1-7]. On February 14, 2004, First Commercial Corporation assigned the Mortgage to Plaintiff [ECF No. 1-8].

Defendants defaulted on the Note by failing to make installment payments [ECF No. 30-1]. On February 6, 2015, pursuant to both the Note and the Mortgage, Plaintiff notified Defendants that it would sell the Vessel at a private sale if Defendants failed to pay the debt owed. Defendants did not reclaim the Vessel and it was repossessed by National Liquidators, a national marine vessel recovery and remarketing firm. After receiving ten offers on the Vessel, National Liquidators sold the vessel to a third party, Reel Deal Yacht Sales, on June 3, 2015, for $94,000 [ECF No. 30-1].

On July 22, 2015, Plaintiff filed this action against Defendants seeking the amount due under the Note. The Clerk defaulted Defendants after they failed to respond to the Complaint. On September 1, 2015, Defendants moved to set aside the clerk's default and asserted that Plaintiff might not have sold the vessel in a commercially reasonable manner. Plaintiff did not oppose the motion and the Court set aside the default. Defendants again failed to respond to the Complaint.

On December 1, 2015, Defendants' counsel emailed Plaintiff's counsel and advised that Defendants would not pursue the defense of the reasonable commercial value being realized at auction [ECF No. 30-3]. On December 16, 2015, Plaintiff moved for summary judgment. Defendants have failed to respond to the Motion.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clarks, Inc.*, 929 F.3d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

## ANALYSIS

Federal law governs deficiency judgments under the Ship Mortgage Act. *See J. Ray McDermott & Co. v. Vessel Morning Star,* 457 F.2d 815, 818 (5th Cir.1972).[1]  The deficiency owed under a mortgage is determined "by establishing the difference between the total outstanding obligation and the 'fair market value' [at the time of sale] of the vessel involved." *Bollinger & Boyd Barge Serv., Inc. v. M/V Captain Claude Bass,* 576 F.2d 595, 598 (5th Cir.1978). "[G]enerally, the sale price is an automatic determination of the amount to be deducted from the debt when determining the amount of the deficiency." *Wilmington Trust Co. v. M/V Miss B. Haven V,* 760 F.Supp.2d 364, 366 (S.D.N.Y. 2010) (citing *Heller v. O/S Sonny V,* 595 F.2d 968, 971 (5th Cir. 1979)).  The uncontested record evidence shows that Defendants are in default under the Note and

3

Mortgage and that the fair market value of the Vessel was $94,000.00, the price obtained at the sale. The record evidence also establishes that Defendants owed Plaintiff, prior to the sale, $497,695.60. Reducing that amount by the proceeds from the sale, interest due, repossession and other costs, establishes that Defendants owe a deficiency of $443,529.93 [ECF No 30-1 exhibit 8].

## CONCLUSION

Based on the foregoing, the Court finds that there are no genuine issues of material fact in dispute as to Defendants' default or as to the amount owed to Plaintiff and that Plaintiff is entitled to judgment as a matter of law.  Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Summary Judgment [ECF No. 30] is GRANTED.  Final Judgment will be entered under separate order.  It is further

**ORDERED AND ADJUDGED** that this case is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

1 The Eleventh Circuit has adopted the former-Fifth Circuit's decisions as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).